AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для
Southern District of Texas

**Sealed** — Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

*September 14, 2016*

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Juan Antonio RAMIREZ | ) Case No. | |
| | ) | **H 16-1349M** |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 1, 2015-December 6, 2015__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1956(a)(2) and (h) | Defendant did knowingly and intentionally conspire and agree with at least one other person to transport monetary instruments, that is an amount of United States currency, from a place in the United States to a place outside the United States, that is the United Mexican States, with the intent to promote the carrying on of a specified unlawful activity, that is, the manufacturing, importation, sale and distribution of controlled substances. In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(h). |

This criminal complaint is based on these facts:

See attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_____
Complainant's signature

Derrick Conn, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 9/14/16

_____
Judge's signature

City and state: Houston, TX

Dena H. Palermo, U.S. Magistrate Judge
Printed name and title

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Derrick S. Conn, being duly sworn, depose and state the following:

1. I am a Special Agent with the Drug Enforcement Administration (DEA), U.S. Department of Justice, and as such am empowered by Title 21, United States Code, Section 878 to enforce Title 21 and other criminal laws of the United States, and to make arrests, and to obtain and execute search, seizure, and arrest warrants. I am currently assigned to the Houston Field Office. I have been employed by the DEA since September 2001. Prior to being employed by the DEA, I was employed as a San Antonio Police Officer for eleven (11) years in San Antonio, Texas. During the course of my employment with DEA, I have participated in several drug trafficking investigations, including investigations which have led to felony arrests for violations of Title 21 and Title 18 of the United States Code. In addition, I have received extensive training in drug trafficking and money laundering investigations.

2. I am making this Affidavit in support of Criminal Complaint to be presented to the United States District Court for the Southern District of Texas in the matter of United States v. Juan Antonio RAMIREZ. This complaint charges that **Juan Antonio RAMIREZ** (hereafter referred to as **RAMIREZ**) did knowingly and intentionally conspire and agree with at least one other person to transport monetary instruments, that is an amount of United States currency, from a place in the United States to a place outside the United States, that is the United Mexican States, with the intent to promote the carrying on of a specified unlawful activity, that is, the manufacturing, importation, sale and distribution of controlled substances, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(h). This Affidavit is based on confidential source information, personal observation, information related to me by other sworn law enforcement officers, and my training and experience in the investigation of narcotics trafficking.

3. Since January of 2015, DEA agents in Houston have been investigating the LUNA Drug Trafficking Organization (DTO) which is operating out of Houston, Texas, with origins in Monterrey, Mexico. Francisco Rene LUNA (hereafter referred to as LUNA), and Rene Sergio SALINAS-LOPEZ (hereafter referred to as SALINAS-LOPEZ) have been identified as the leaders of this organization. Through the investigation agents have determined that members of the LUNA DTO are being supplied kilogram quantities of cocaine by individuals located in Monterrey, Mexico. Agents believe that the LUNA DTO distributes 100 to 120 kilograms of cocaine per month throughout the United States. The cocaine is smuggled into the United States via vehicles and then transported to stash locations throughout the Houston area. After arriving in Houston, the cocaine is distributed to wholesale distributors based in Houston, as well as, individuals from the state of New Jersey, New Orleans, and other cities. The drug proceeds derived from the sale of the cocaine is transported via aircraft and vehicles back to Monterrey, Mexico.

4. On November 20, 2015, at approximately 5:20 pm, SA Derrick Conn observed a brown 2006 Ford F-150 registered to SALINAS-LOPEZ depart a business located at 7900 La Porte Freeway, Houston, Texas. SA Conn had previously received information this vehicle is used to transport kilogram quantities of cocaine and bulk United States Currency (USC) utilizing a hidden compartment. SA Conn previously observed this vehicle at LUNA's residence in Deer Park, Texas being driven by **RAMIREZ**. SA Conn conducted a database search on this vehicle that revealed a seizure of bulk USC located in a hidden compartment.

5. At approximately 6:45 pm, SA Conn contacted DEA San Antonio District Office Task Force Officer (TFO) John Flores and provided him the information on the brown Ford F-150. At approximately 8:00 pm, TFO Flores advised SA Conn that a marked Guadalupe County Sheriff's Office (GCSO) Deputy located the brown Ford F-150 traveling westbound on I.H. 10 and conducted a traffic stop on the vehicle. TFO Flores advised the driver of the vehicle and its only occupant was **RAMIREZ**.

6. At approximately 8:10 pm, TFO Flores advised SA Conn that GCSO Deputies searched the brown Ford F-150 and seized approximately $25,000.00 that was located on the rear floorboard inside a small baggie wrapped in clear cellophane. GCSO Deputies transported **RAMIREZ** and the Ford F-150 to the GCSO to be interviewed and further search the Ford F-150. TFO Flores advised SA Conn that a GCSO K-9 unit alerted on an area inside the cab of the Ford F-150 and located a hidden compartment that was empty. TFO Flores advised SA Conn that **RAMIREZ** stated he received the $25,000.00 from a person known only as "JR" at a mechanic shop in Houston, Texas. **RAMIREZ** stated JR directed him to deliver the $25,000.00 to aircraft pilot at an airport located in San Antonio, Texas. No charges were filed against **RAMIREZ** and he was released by GCSO Deputies.

7. In November 2015, a confidential source (CS) provided information about a Mexican aircraft, tail number XBAMO, based in McAllen, Texas, that is utilized by LUNA DTO associates to pick up bulk USC derived from the sale of cocaine from cities in the United States and transport the USC back to Mexico. The CS stated he/she had a conversation with one of the pilot's that operates the aircraft, who stated the aircraft has been utilized to transport bulk USC from the United States to Mexico, and on one occasion had transported $7 million USC.

8. SA Conn conducted a records check with the El Paso Intelligence Center (EPIC) regarding aircraft tail number XBAMO and **RAMIREZ** which revealed the following information. On November 23, 2015 at approximately 6:03 pm, aircraft tail number XBAMO departed McAllen, Texas destined to Houston, Texas. On November 24, 2015, at approximately 5:17 pm, aircraft tail number XBAMO departed Houston, Texas destined to McAllen, Texas. Based on the investigation and source information, agents believe that the money **RAMIREZ** was delivering was intended to be on this plane for future transportation back to Mexico.

9. On December 6, 2015, agents executed a federal search warrant at 8319 Glenalta Street, Houston, Texas, a stash house known to be used by the LUNA DTO and seized, among other things, more than $1 million and 40 kilograms of cocaine. Agents also seized detailed drug ledgers. Thereafter, SALINAS-LOPEZ was arrested and indicted on federal drug drugs. He is pending trial and cooperating with the Government.

10. On August 31, 2016, SA Conn interviewed SALINAS-LOPEZ regarding his narcotic related activities for the LUNA DTO. SALINAS-LOPEZ identified a photograph of **RAMIREZ** known to him as "Grenas" who is a member of the LUNA DTO who works as a courier who transported drug proceeds from Houston, Texas to Mexico and who worked as an assistant for a man named "Guadalajara" who was another source of supply for kilograms of cocaine, who resides in Monterrey, Mexico and Texas valley area. SALINAS-LOPEZ estimated that **RAMIREZ** had been a member of the DTO since March 2014 based on his (SALINAS-LOPEZ') personal dealings with Grenas.

11. SALINAS-LOPEZ also stated during the interview, LUNA and "Guadalajara" co-own a plane, aircraft tail number XBAMO. SALINAS-LOPEZ identified a photograph of the aircraft and stated in June 2015, he, LUNA, an associate of LUNA associate, Cesar Maximino Gomez, and **RAMIREZ** traveled from Houston, Texas to Las Vegas, Nevada on this plane. SA Conn corroborated this statement from an administrative subpoena to the Aria Hotel and Resort in Las Vegas, Nevada.

12. On November 20, 2015, SALINAS-LOPEZ stated he received a phone call from LUNA who directed him to deliver $25,000.00 to "Grenas" at the "shop" located at 7900 La Porte Freeway, Houston, Texas. SALINAS-LOPEZ met **RAMIREZ** later that day at the shop" and provided him with a bag that contained $25,000.00. LUNA told SALINAS-LOPEZ that this money was owed to "Guadalajara." Based on the investigation in this case, agents know "the shop" is used by the LUNA DTO to unload illegal drugs and load drug proceeds into vehicles. SALINAS-LOPEZ identified this transfer of drug proceeds to **RAMIREZ** in one of the drug ledgers seized in December 2012.

13. SALINAS-LOPEZ' also stated that on several previous occasions, at the direction of LUNA, he gave **RAMIREZ** bulk cash to be delivered to aircraft pilots in San Antonio, Texas in the amounts of $150,000.00. This money was drug proceeds that were ultimately transported back to "Guadalajara" and/or other LUNA DTO members based in Mexico.

14. Agents were further able to corroborate SALINAS-LOPEZ' statements concerning his delivery of drug proceeds to **RAMIREZ** on November 20, 2015 based on conversations lawfully intercepted between SALINAS-LOPEZ and one of LUNA's source of supply in Monterrey, Mexico, known as "Hormigito" on November 23, 2015. During this phone call the two men discuss "Grenas" and the missing money, which unbeknownst to them had been seized by law enforcement. "Hormigito" asks SALINAS-LOPEZ "if the guy (**RAMIREZ**) ran away with the money?" SALINAS-LOPEZ replies "I don't think so, because the guy (**RAMIREZ**) has taken bigger amounts of money, up

3

to $150,000.00. I doubt he (**RAMIREZ**) ran away with only $25,000.00." Hormigito agrees.

15. Based on the above facts and circumstances outlined in the above Affidavit: I believe that on the above listed date, in the Southern District of Texas, **RAMIREZ** did knowingly and intentionally conspire and agree with at least one other person to transport monetary instruments, that is an amount of United States currency, from a place in the United States to a place outside the United States, that is the United Mexican States, with the intent to promote the carrying on of a specified unlawful activity, that is, the manufacturing, importation, sale and distribution of controlled substances, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(h).

_____
Derrick S. Conn, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this __14th__ day of September, 2016, and I find probable cause.

_____
Dena Hanovice Palermo
United States Magistrate Judge
Southern District Of Texas

4